UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

JOSEPH JENKINS,                )
                               )
                               )
         Petitioner,           )
                               )
v.                             )     NO. 1:04-CV-15
                               )     (CR. 1:02-CR-27)
UNITED STATES OF AMERICA,      )
                               )
                               )
         Respondent.           )

**MEMORANDUM OPINION**

Petitioner Joseph Jenkins ("Jenkins") brings this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The United States has filed a response and Jenkins has submitted a reply to the response [Court File Nos. 5 and 10]. For the following reasons, the petition will be dismissed.

**I**. *Procedural History*

In March of 2002, Jenkins and thirteen co-defendants were charged with various offenses in a superceding indictment. Count one charged Jenkins with conspiracy to distribute five kilograms or more of a mixture containing powder cocaine, fifty grams or more of a mixture or substance containing crack cocaine, and 100 kilograms or more of a mixture containing marijuana, in violation of 21 U.S.C. § 846. Counts two and forty-three, respectively, charged him with conspiracy to commit money-laundering and with money-laundering in violation of 18 U.S.C. § 1956(h) and § 1956(a)(1)(A)(i). On October 17, 2002, the Government filed a notice of intent to use Jenkins' prior Hamilton County crack cocaine conviction to seek enhanced penalties. That same day, he pleaded

guilty to Counts one and two, pursuant to a plea agreement. Subsequently, Jenkins was convicted and sentenced to serve a 120-month sentence of imprisonment and an 8-year term of supervised release.

Jenkins did not file a direct appeal. He now brings this § 2255 motion, advancing three claims of ineffective assistance of counsel as grounds for relief.

## I. *Legal Standards*

1) **Section 2255 Standard of Review**

A petitioner can be granted § 2255 relief on the basis of a constitutional error which had a substantial and injurious effect or influence on the proceedings. *Reed v. Farley,* 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993); *United States v. Cappas,* 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). However, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than exists on direct appeal. *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). The petitioner bears the burden of establishing any claim asserted in his motion. *Mayes v. United States*, 93 F.Supp. 2d 882, 886 (E.D.Tenn. 2000). In order to prevail under § 2255, a petitioner must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error which violates due process. *Ibid*.

2). **Strickland Test**

Criminal defendants have a right to the effective assistance of counsel at trial. *Strickland v. Washington*, 466 U.S. 668 (1984). A claim involving the ineffectiveness of counsel must be analyzed under a two-pronged standard, under which a petitioner must demonstrate: 1) deficiency of performance on the part of his attorney and 2) actual prejudice flowing therefrom. *Id.* at 687.

A court considering ineffectiveness claims must observe certain guidelines. In assessing counsel's performance, a court must presume, in view of the circumstances, counsel's questioned

2

actions might have been sound strategic decisions. *Strickland*, 466 U.S. at 689. Counsel's performance will be considered constitutionally deficient only in instances where the challenged actions are "outside the range of professionally competent assistance." *Id*. at 690.

A finding of serious attorney incompetence will not justify setting aside a conviction, however, absent prejudice to the defendant. *Id.*, at 691-92. To show prejudice in the context of a guilty plea, a petitioner must demonstrate a reasonable probability that, without counsel's alleged errors, he would not have pled guilty, but would have insisted on standing trial. *Hill v. Lockhart*, 474 U.S. 52, 56, 59 (1985). Unless there is a likelihood of a successful defense to the charge, no alleged error by counsel is a basis for relief. *Id.*, at 59. Indeed, counsel is constitutionally ineffective only if a performance which fell below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

## II. *Facts*

In the plea agreement, Jenkins acknowledged he had obtained marijuana and crack cocaine from various members of the conspiracy and, afterwards, had distributed those drugs. He stipulated he had knowingly entered a conspiracy to distribute at least 28 grams of crack cocaine and 100 kilograms of marijuana; he had personally wired drug proceeds to California to pay members of the conspiracy for additional drugs; and that the money was wired to disguise and conceal the true ownership of the money and to promote the drug activities by ensuring future drug shipments could be made.

## III. *Discussion*

After Jenkins was found to be indigent, Attorney Christopher Steger was appointed to represent him. Jenkins now claims that Attorney Steger rendered ineffective assistance by:

3

1) failing to argue for a sentence reduction based on the minor role Jenkins allegedly played in the offenses;

2) failing to present other mitigating evidence to lessen his base offense level; and

3) failing to argue the 8-year term of supervised release imposed was excessive.

In its response, the United States maintains that none of Jenkins' claims of ineffective assistance has merit. More specifically, the government suggests that the arguments concerning counsel's alleged errors in failing to seek a sentence reduction based on a defendant's role in the offense or on mitigating evidence might well be pertinent where a defendant receives a sentence under the United States Sentencing Guidelines, but that, where a court imposes a mandatory minimum sentence because it is required under a statute—which is what happened in Jenkins' case, such arguments simply are not relevant. The respondent is correct.

Under § 841, a person who possesses five or more grams of cocaine base or 100 kilograms or more of marijuana with intent to distribute those substances faces a mandatory minimum sentence of five years in prison. The statute mandates a minimum sentence of 10 years if the offense is committed after a prior conviction for a felony drug offense. 21 U.S.C. § 841(b)(1)(B). The same penalties apply, under 18 U.S.C. § 846, to a person who conspires to possess with the intent to distribute five or more grams of cocaine base or 100 or more kilograms of marijuana.

Jenkins pleaded guilty to conspiracy to distribute at least five grams of cocaine base and at least 100 kilograms of marijuana, in violation of 21 U.S.C. § 846. His subsequent conviction of that offense, when combined with the fact of his prior Hamilton County crack cocaine conviction, subjected him to sentencing under the enhanced penalty provision in § 841(b)(1)(B). With one exception, not implicated here, whether he played a minor role in the offense (which he did not, according to the PSR), is not relevant to the statutory sentencing scheme in § 841.[1]

---

[1] The exception is the safety valve provision, *see* 18 U.S.C. § 3553(f)(1) - (5), which permits the judge to depart from a statutory minimum sentence if a defendant meets five criteria, one of which is that the offender played a minor role in the offense. The safety valve does not apply here because a defendant is disqualified it he has more than one criminal history point and because Jenkins' prior criminal convictions resulted in a total of six criminal history points, which

4

The United States further suggests that the remaining instance of ineffective assistance (i.e., that counsel failed to challenge the 8-year term of supervised release as excessive) is baseless for the same reason. A conviction under § 841(b)(1)(B) carries with it a minimum 8-year term of supervised release. Because Jenkins was sentenced to eight years on supervised release—the lowest possible period of supervised release under his statute of conviction, his attorney had no basis in law to challenge the supervised release term as excessive. Counsel has no duty to assert a legally baseless claim, *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir.1986), and cannot be ineffective when he does not raise such a claim. *Greer v. Mitchell*, 264 F.3d 663, 676 (2001).

## IV. *Conclusion*

Accordingly, because Jenkins has not established he received constitutionally ineffective assistance from his attorney, his § 2255 motion will be **DENIED**.

A separate order will follow.

**ENTER**:

                                           **/s/**
                        **CURTIS L. COLLIER**
                    **UNITED STATES DISTRICT JUDGE**

---

placed him in a criminal history category of III.